IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 05-0314-PHX-FJM |
| Plaintiff/Respondent, | CIV 11-0517-PHX-FJM (DKD) |
| vs. | **REPORT AND RECOMMENDATION** |
| Jose Alvaro Aguilera-Mendoza, | |
| Defendant/Movant. | |

TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE:

Jose Alvaro Aguilera-Mendoza filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He raises three grounds in his motion: (1) his conviction was obtained in violation of his fifth and sixth amendment rights to due process and the effective assistance of counsel; (2) his sixth amendment right to counsel was violated by counsel's failure to fully investigate; and (3) trial and appellate counsel were ineffective. The government contends that certain underlying issues were decided adversely to Aguilera-Mendoza on appeal, and he is therefore precluded from raising them in this motion. In addition, the government contends that counsel effectively represented Aguilera-Mendoza both at trial and on appeal. In his motion, Aguilera-Mendoza requests that his sentence be vacated, that the Court order an evidentiary hearing, and that the case be remanded to district court for re-sentencing. Because his claims are either precluded or lack merit, the Court finds that an evidentiary hearing is unnecessary, and recommends that the motion be denied.

**BACKGROUND**

On the second day of trial, Aguilera-Mendoza pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and

(b)(1)(A)(viii). Following the issuance of the presentence investigation report, Aguilera-Mendoza filed five objections to the report: (1) there was no evidence to support a two-level upward adjustment for possession of a weapon; (2) there was no evidence to support the finding that the offense involved the importation of methamphetamine; (3) there was no evidence to support an enhancement for Aguilera-Mendoza being a leader or organizer in the distribution conspiracy; (4) there was no evidence to support the quantity of methamphetamine; and (5) there *was* evidence to support a three-level downward departure for acceptance of responsibility. The district court sustained his first and fourth objections, partially sustained his fifth objection, and overruled his objections to the findings that the offense involved the importation of methamphetamine, that he was a leader or organizer of the conspiracy, and that there was evidence to support the quantity of methamphetamine. The district court granted a two-level downward departure for acceptance of responsibility, and sentenced him to a 200-month term of imprisonment followed by five years of supervised release.

On appeal, counsel filed an *Anders* brief and moved to withdraw, finding no meritorious issues. The appellate panel found two arguable issues: (1) whether the district court committed reversible error during sentencing by failing to provide Aguilera-Mendoza with an opportunity to allocute; and (2) whether the district court properly calculated the applicable U.S. Sentencing Guidelines range. The panel granted counsel's motion to withdraw, ordered the *Anders* brief stricken, appointed new counsel, and ordered further briefing.

New appellate counsel filed a brief raising the following issues:

(1) Whether Aguilera-Mendoza knowingly and intelligently waived his right to a jury trial on the quantity of drugs involved in the crime where the court explained during the plea colloquy that the amount of drugs was an element of the offense the government would have to prove beyond a reasonable doubt, and Aguilera-Mendoza admitted to the quantity of drugs involved;

(2) Whether the district court properly ruled on the drug quantity attributable to Aguilera-Mendoza and properly calculated the applicable Sentencing Guidelines where the court stated that the factual basis of the plea agreement, in which Aguilera-Mendoza admitted the amount of drugs involved, and the testimony of the witnesses and exhibits presented at trial established the amount of drugs required to support the base level offense;

(3) Whether the district court committed clear error when it determined that Aguilera-Mendoza was an organizer or leader for purposes of enhancement under Sentencing Guidelines § 3B1.1, where he supplied the methamphetamine for an extensive organization, exclusively maintained and paid for the warehouse where the drugs were stored, and directed and assisted others in the organization even when he was hiding out in Mexico; and

(4) Whether the district court properly allowed Aguilera-Mendoza the opportunity to allocute during sentencing where it personally addressed him and gave him the chance to speak on his behalf before announcing his sentence.

The Ninth Circuit affirmed Aguilera-Mendoza's conviction and sentence on May 10, 2010, ruling as follows:

> Contrary to Aguilera's assertions, the district court informed him that pleading guilty would constitute a waiver of his right to have the government prove to a jury the elements of the crime and the amount of the drugs charged in the indictment beyond a reasonable doubt. *See United States v. Thomas*, 355 F.3d 1191, 1197 (9th Cir. 2004). Further, Aguilera admitted personally supplying the charged amount of drugs. *See United States v. Lococo*, 514 F.3d 860, 865 (9th Cir. 2008) (per curiam). Nothing in the record supports his contention that his plea was "coerced" by the court or the government.
>
> The district court properly overruled Aguilera's objection to the pre-sentence report's recommended leadership role adjustment, and to the extent Aguilera objected to its calculation of drug quantity, the district court ruled on that issue as well when it reaffirmed its conclusion that 38 was the correct base offense level. Aguilera did not raise any specific factual disputes regarding either issue that required resolution by the district judge. *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008).
>
> Finally, contrary to Aguilera's assertion, the district court gave him sufficient opportunity to allocute. *See United States v. Marks*, 530 F.3d 799, 813 (9th Cir. 2008). Aguilera points to no authority that says the opportunity to allocute must come at some early stage in the sentencing proceedings. A judge only has to let defendants speak "[b]efore imposing [a] sentence." *Fed. R. Crim. P*. 32(i)(4)(A).

2010 WL 1513829 (C.A. 9 (Ariz.)).

**DISCUSSION**

The three grounds raised in Aguilera-Mendoza's motion allege counsel's deficient performance during the change of plea proceedings, his sentencing, and on appeal. He argues that both trial counsel and appellate counsel failed to "investigate the case." In the memorandum he argues, as counsel did on appeal, about the disparate sentence the district court imposed compared to sentences imposed for co-defendants, based upon enhancements for being a leader/organizer and because of the quality and quantity of methamphetamine involved in the offense. To the extent that Aguilera-Mendoza attempts to re-litigate issues that were decided adversely to him on appeal, he is precluded from doing so in this motion. *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972).

Aguilera-Mendoza argues that trial counsel was ineffective because of his failure to raise these issues. The record belies this assertion. Trial counsel did raise the issue of inappropriate enhancements in his objections to the presentence investigation report and he also argued them at the time of sentencing. He also urged the district court against imposing a disparate sentence. The government recommended a 240-month term even though the advisory guideline range was 360 months to life imprisonment. As the district court explained, Aguilera-Mendoza received only a two-level downward departure for acceptance of responsibility because although he pleaded guilty, he minimized his involvement in the conspiracy. Aguilera-Mendoza fails to point to any other evidence or argument that could have been presented, or any prejudice that resulted from trial counsel's actions.

Aguilera-Mendoza also argues that both appellate counsel were ineffective. He points to no authority and the Court has found none for his claim that filing an *Anders* brief constitutes deficient performance. In any event, he can show no prejudice, in light of the appellate panel's decision to appoint new counsel and to order further briefing. His argument that new appellate counsel failed to raise the issues of drug calculation, his role in the offense, the scope of the organization or other sentencing factors, is contradicted by the record. He argued these issues in his appellate brief, and Aguilera-Mendoza has not alleged that such arguments were deficient.

**IT IS ORDERED** denying Aguilera-Mendoza's request for an evidentiary hearing.

**IT IS RECOMMENDED** that Aguilera-Mendoza's Motion to Vacate, Set Aside or Correct Sentence be denied (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** either because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable, or because Aguilera-Mendoza has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 6th day of December, 2011.

_____
David K. Duncan
United States Magistrate Judge